## LEWIS BURNHAM vs. GEORGE H. WILSON & another.

Suffolk.    December 1, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Agency*, Scope of authority.  *Mortgage*, Of real estate.  *Payment*.  *Equity Jurisdiction*, Estoppel.  *Evidence*, Relevancy, Competency.

The fact that a mortgagee of real estate, who retained in his possession the mortgage and the note secured thereby, which was overdue, gave authority to an agent to collect and receive for him the interest upon the note, does not without more tend to indicate that the agent was authorized to receive payment of the principal due upon the note; nor is it such conduct on the part of the mortgagee as would justify the owner of the equity of redemption in believing that the agent had such additional authority nor estop the mortgagee in a suit in equity against him by a subsequent owner of the equity of redemption, after the payment to the agent by the plaintiff's predecessor of the entire amount due upon the note, from setting up in defense lack of authority in the agent to receive payment of the principal.

In a suit in equity by the owner of the equity of redemption of certain real estate against the holder of a mortgage thereon, in which it appears that the principal of the note had been paid by the plaintiff's predecessor in title to one who had acted as agent for the defendant in receiving payments of interest, and the plaintiff contends that the mortgage should be discharged because the defendant held the agent out as having authority to receive payment of the principal, the plaintiff introduced, as tending to show such holding out, evidence that the agent had collected a part of the principal due on another note from another person for the defendant, but it appeared that such fact was not known to the plaintiff's predecessor when he paid to the agent the principal of the note in question.  *Held*, that, not knowing such fact, the plaintiff's predecessor could not have been influenced thereby, and therefore that the evidence had no bearing on the question of ostensible authority.

BILL IN EQUITY, filed in the Superior Court on March 4, 1910, seeking to compel the discharge of a mortgage, held by one of the defendants, upon premises owned by the plaintiff, the plaintiff alleging that the mortgage note had been fully paid to one Fisher who was the agent of the defendants.

In the Superior Court the case was heard by *Richardson*, J. The material facts in evidence are stated in the opinion.

At the close of the evidence the defendant asked for the following rulings: " (1) On all the evidence the plaintiff is not entitled to recover.  (2)  There is not sufficient evidence in

the case which if believed by the court would warrant a finding in favor of the plaintiff." The rulings were refused. The judge filed the following memorandum of findings :

"I find, that the amount of the principal of said mortgage of $1,500, was, on or about May 23, 1900 (long after the maturity of the note) paid by Joshua Simpson — he then owning the equity — to Andrew P. Fisher in good faith, he then supposing he had authority to receive it; and he had no notice of the assignment of the mortgage to George H. Wilson, Jr. I find that neither the note nor the mortgage was ever delivered by George H. Wilson, Sr. to the defendant, George H. Wilson, Jr. Said Fisher was authorized by the defendants to receive the interest which became due on the mortgage, and did pay the interest which became due semi-anually on the mortgage, down to the death of said Fisher, which occurred in October 1909 — and it appears that he paid the interest over to George H. Wilson, Sr. who was entitled to receive it according to an agreement between the senior and the junior Wilson.

"Upon all the evidence in the case I find that Mr. Simpson believed and had reason to believe that Fisher had authority to receive payment of the principal as well as the interest; and if a loss must fall, which does not appear either upon the owner of the equity or upon the defendant, I think it must fall upon the defendants because Fisher had been put in the position by them of apparently being the proper party to whom payment might be made of the principal, as well as the interest. I think the plaintiff is entitled to the relief which he claims."

A decree for the plaintiff was ordered; and the defendants alleged exceptions.

*W. H. Bent*, for the defendants.
*W. H. Brown*, for the plaintiff.

SHELDON, J. There was ample evidence that Fisher was authorized by the defendants to receive payments of interest upon the mortgage note here in question, and that is not now in dispute. But we are unable to find in the evidence any sufficient support for the claim that Fisher had authority to receive payment of the principal sum due. The judge at the hearing was unable to find such authority, although he found that Simpson,

when he paid the principal sum to Fisher, "believed and had reason to believe that Fisher had authority to receive payment of the principal as well as the interest," that is, that Fisher had been held out to Simpson by the defendants as having such authority, so that Simpson was justified by their conduct in believing that such was the fact. The fundamental question in the case is whether this finding was justified.

Neither the note nor the mortgage was in Fisher's possession. That he had been given authority to collect and receive the interest upon an overdue mortgage note would not without more tend to indicate that he was authorized to receive payment of the principal sum. Accordingly this was not of itself such conduct on the part of the defendants as would justify Simpson in believing that Fisher had the additional authority. *Biggerstaff* v. *Marston,* 161 Mass. 101, 104. *Murphy* v. *Barnard,* 162 Mass. 72, 77, *et seq.* This doctrine has been sustained in other jurisdictions in a great number of decisions which have been collected by the industry of the defendants' counsel, to which it is not necessary now to refer.

The testimony that Fisher had collected an instalment of the principal due upon another note held by one of the defendants and a third party had no bearing. It was not known to Simpson, and could not have influenced his mind at all. He could not justify his belief by reason of a fact of which he was ignorant.

In *Fitzgerald* v. *Beckwith,* 182 Mass. 177, the mortgagee had authorized his agent to receive payments of both principal and interest, and set up only a subsequent limitation of this authority, of which no notice had been given to the mortgagor. In *Doyle* v. *Corey,* 170 Mass. 337, the mortgagee had known of previous payments of principal made to her agent and indorsed upon the note without any objection from her. Neither of these cases is applicable here.

Fisher was in no sense the general agent of either of the defendants, nor had he been held out as such by either of them; and it was not necessary to bring home to Simpson notice of any limitation of Fisher's authority.

The testimony of Mrs. Eastman was admitted *de bene esse,* and was finally excluded. It cannot now be considered. It

was incompetent as being a private conversation between husband and wife.*    This is not now disputed.

It is not worth while to go further into detail. We have been all over the evidence, and have weighed with care the suggestions made by the plaintiff's counsel in argument. We find no evidence to justify a finding that either of the defendants held out Fisher as having a general agency about this note and mortgage, or a particular authority to receive payment of the principal. The defendant's exception to the refusal of the judge to give their first request for rulings must be sustained.

*So ordered.*

---

* It appeared in evidence that the witness's husband had died before the suit was brought.