WILLARD E. EDDY *vs.* DAISEY E. JOHNSTON.

Suffolk.    October 22, 1924. — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Evidence*, Presumptions and burden of proof.  *Replevin.  Practice, Civil*,
    Ordering of verdict.

The general rule is well established, and subject to few exceptions, that
    a verdict cannot be directed in favor of one who has the burden of
    proof, where such a person in a material matter relies upon the credi-
    bility to be given to his own testimony or to that of his witnesses.  Per
    PIERCE, J.

At the trial of an action of replevin of an automobile, the plaintiff relied
    for his title upon a conditional bill of sale of the automobile to a third
    party which was introduced in evidence without objection and pur-
    ported to be signed by the third party only, and upon oral testimony
    by himself and by his daughter, who was his bookkeeper, to the effect
    that notes, upon the payment of which only was the title to pass to the
    vendee, were not paid.  The defendant, who was a stranger to the bill
    of sale, admitted no facts.  The trial judge ordered a verdict for the
    plaintiff.  *Held*, that the ordering of the verdict was error, since the
    burden of proof was on the plaintiff to prove his title, and the jury
    were not required to believe the evidence introduced by the plaintiff.

REPLEVIN of an automobile.    Writ dated August 7, 1922.

In the Superior Court, the action was tried before *Irwin*, J.
Material evidence is described in the opinion.  The trial
judge ordered the jury to find for the plaintiff in the sum of
$1 and denied a motion by the defendant that a verdict be
ordered in her favor.   The defendant alleged exceptions.

*D. H. Fulton*, for the defendant, submitted a brief.

*T. M. Reynolds*, for the plaintiff.

PIERCE, J.    This is an action of replevin to recover as
against the defendant one Cadillac touring car 1918, engine
No. 57H727.    At the close of all the evidence the presiding
judge directed a verdict for the plaintiff, and the case is before
this court on the exceptions of the defendant thereto.

The evidence warranted a finding that the plaintiff on
October 1, 1921, purchased of one Peter Ligor the touring

car sought to be replevied; that on October 3, 1921, the said Ligor repurchased the same car of the plaintiff for the sum of $625; that $175 was paid in cash, the balance in notes payable " $50 per month for 6 months, 1 note for Balance to be split"; that Ligor signed with the transfer of possession a conditional sale lease, which was introduced in evidence without objection. The evidence in relation to this instrument, a copy of which is a part of the record, discloses that it was not signed by the plaintiff and that it was not and did not purport to be executed in duplicate. The evidence further discloses that the plaintiff retained the signed instrument and Ligor had no evidence of ownership or title other than was to be inferred from the fact that he had possession of the car. The defendant, in possession of the car when the writ of replevin issued, introduced evidence which warranted a finding that she bought the car from a dealer on April 21, 1922; that the dealer delivered to her as evidence of title a memorandum of sale dated July 14, 1920, from one Desendorf to Peter Ligor. This memorandum was introduced in evidence without objection.

The record contains no evidence to show the title of the dealer, where he got the car, or his right to dispose of it. The plaintiff rests his right to immediate possession upon the terms of the conditional sale lease, more specifically upon those which read, " It is expressly understood and agreed that the title to said automobile or truck shall remain in the said Willard E. Eddy until the full sum of $625.00 . . . shall have been paid"; and " if the payments are not made as above specified . . . the said lessor may retake said automobile or truck wherever it may be, and all moneys theretofore paid by said lessee shall be forfeited." To establish the right to possession the plaintiff testified that " Ligor paid three of the notes, but not the others." A daughter of the plaintiff testified that she kept the books, and did so in October, 1921; that the lease was drawn by a Mr. Bell, and that she made out the notes; that Ligor paid the first three notes and the remainder were unpaid. In cross-examination she testified that the last time Ligor came to the garage was in November; that the last two notes were paid by money

order; that there is no book by which the witness could tell on what day of the month he paid the money; that the " cash book goes to October 20th." She further stated: " I have others which go down to December. I have not them here though;" that " the only way of determining whether the notes were paid or not would be in the other book"; that the " notes are checked with a mark where he paid them. They are simply marked ' paid. '"

It is plain the jury were not bound to believe the testimony of the plaintiff, or of his daughter, that when the writ issued in August, 1922, three of the Ligor notes were overdue and unpaid. Nor, indeed, were they bound to believe that Ligor executed the bill of sale lease and the notes introduced in evidence. The defendant admitted no facts, there are no presumptions of fact, and the burden of proof is upon the plaintiff.

The general rule is well established, and subject to few exceptions, that a verdict cannot be directed in favor of one who has the burden of proof, where such a person in a material matter relies upon the credibility to be given to his own testimony or to that of his witnesses. It was error for the judge to direct a verdict in this case, although the testimony of the plaintiff and that of his witnesses were uncontradicted. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, and cases collected. *Giles* v. *Giles*, 204 Mass. 383.

*Exceptions sustained.*