EMMA J. LINCOLN *vs.* SOLOMON FINKELSTEIN & another.

Suffolk.    January 22, 1926. — May 24, 1926.

Present: PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes,* Discharge of maker.   *Mortgage,* Of real estate.   *Agency,*
Scope of authority.   *Evidence,* Materiality, Presumptions and burden
of proof.   *Practice, Civil,* Requests for rulings, Rules of court.   *Rules
of Court.*

At the trial of an action for a balance remaining due upon a promissory
note after the foreclosure of a mortgage given to secure it, it appeared
that the payee had assigned the note to the plaintiff after it had become
due, that the defendant, the maker of the note, had conveyed the
premises before the foreclosure of the mortgage, and that the foreclosure
had occurred five years after the note had become due.   The defendant
contended that without his knowledge or consent the holder of the note
had extended the time for payment by the defendant's grantee and had
agreed with him to delay foreclosure.   Evidence to show the price paid
for the property when the note was given and its value when the note
became due was excluded.   *Held,* that the exclusion was proper as the
evidence was immaterial.

Where, at the trial of the action above described, the plaintiff produced
the note, proved its execution, and introduced it in evidence, it was
proper to refuse to order a verdict for the defendant, since all defences
were affirmative and the burden of establishing them was on the de-
fendant.

At the trial above described, the judge instructed the jury that, if in fact
an extension was granted by one with authority to grant it to the owner
of the equity of redemption, the defendant was discharged from liability.
*Held,* that in the circumstances it was proper to deny a request for a
ruling bearing on the question, whether the defendant had knowledge
of any agreement as to an extension of the mortgage.

Under Rule 44 of the Superior Court (1923), no exception lies to a refusal
by a trial judge to grant requests for rulings presented orally at the con-
clusion of the charge to the jury unless the judge by special order con-
sents to receive them.

Mere authority to collect interest and principal of a note secured by a
mortgage does not include by implication authority to extend time of
payment or to limit use of collateral.

Mere ratification by the holder of a note secured by a mortgage of acts
of an agent in collecting payments of interest and on account of princi-
pal, without knowledge or notice on the part of the holder of means
taken by the agent to obtain such payments, does not by implication
ratify an agreement made by the agent for an extension of the due date
of the mortgage note.

At the trial above described, there was evidence to show that the plaintiff's assignor, her brother, before the assignment and after conveyance by the defendant, received a bonus from the holder of the equity of redemption and extended the due date of the mortgage note without the plaintiff's knowledge and that thereafter, while he was acting as the plaintiff's agent to collect interest and principal, he received a further bonus and gave a further extension without the plaintiff's knowledge. The plaintiff testified in cross-examination that her brother "acted as her agent in relation to the question of the payments and extensions of the mortgage and everything else." In his charge, the judge instructed the jury that as a matter of law it did not appear that the plaintiff "gave her brother as her agent authority to extend this mortgage, or do anything which would prohibit her from foreclosing if it was overdue, if she so desired, and therefore you are to disregard and treat as of no consequence any testimony as to what" the brother agreed after the date of the assignment to the plaintiff "because at that time he was only an agent, and he did not have the right to bind his principal . . . by accepting a hundred dollars, or any other amount, as extension of this mortgage, which would prevent foreclosure and so release the makers"; that if the jury found that while the brother held the record title, he had agreed not to foreclose, the defendant was discharged as a matter of law, and unless the defendant so satisfied them the plaintiff was entitled to recover. The defendant then "excepted to portion of charge relating to right of agent to bind his principal in matter of extension." After a colloquy, the judge gave further instructions on the question of ratification by the plaintiff of her brother's acts. In this court, the defendant contended that his exception should be sustained because of the instruction that as a matter of law it did not appear that the brother had authority to extend the mortgage note for the plaintiff. *Held,* that the defendant had not saved an exception to that aspect of the charge to which he objected in this court.

In order to bring to this court by exception a contention that rights of the excepting party were not safeguarded in a charge to a jury, the record presented here must show clearly not only that the excepting party in the saving of his exception at the close of the charge made clear to the trial judge the point of law raised, so that the judge had an opportunity to act with intelligence in determining whether to amend his charge or to instruct the jury further, but it must show clearly also what the point of law was.

CONTRACT for a balance alleged to be due upon a promissory note of the defendant payable to one Alfred V. Lincoln and by him indorsed and delivered to the plaintiff after maturity. Writ dated July 26, 1917.

In the Superior Court, the action was tried before *Flynn,* J. Material evidence is described in the opinion. At the close of the evidence, the defendants asked for the following rulings:

"1. There is no evidence that the defendants had knowledge of the agreement entered into between the plaintiff's assignor and the subsequent owner of the equity.

"2. If there was an extension of the original mortgage entered into between the plaintiff's assignor, and the subsequent owner of the equity without the knowledge and consent of the defendants, the plaintiff cannot recover.

"3. Even though there was no written agreement for the extension of the original mortgage between the subsequent · owner of the equity and the plaintiff's assignor, and such subsequent owner of the equity paid to the plaintiff's assignor a bonus for such extension without the knowledge or consent of the defendants, the plaintiff cannot recover.

"4. The jury may take into consideration the value of the property at the maturity of the mortgage note, and the value of the property at the time of the foreclosure sale in determining the amount of the liability of the defendants on said note.

"5. There was a duty encumbent upon the plaintiff's assignor to use ordinary care to preserve the property covered by said mortgage.

"6. If the plaintiff's assignor failed to use ordinary care by the foreclosing of said mortgage or by making a demand for payment of said mortgage at the maturity thereof, the plaintiff cannot recover."

The last four paragraphs of the charge, the third of which is quoted in the opinion, were as follows:

"Now it further appears in this case that Miss Lincoln says that her brother acted for her; that on a certain time, to wit: March 26, 1915, he assigned to her this mortgage, and was her agent after that.

"I say to you gentlemen that as matter of law, that it does not appear that she gave her brother as her agent authority to extend this mortgage, or do anything which would prohibit her from foreclosing if it was overdue, if she so desired, and therefore you are to disregard and treat as of no consequence any testimony as to what Mr. Lincoln agreed after March 25, 1915, because at that time he was only an agent, and he didn't have the right to bind his principal, on the evidence to bind his principal by accepting a hundred dollars,

or any other amount, as extension of this mortgage, which would prevent foreclosure, and so release the makers.

"If you find that while Lincoln held the record title before March 25, 1915, he had agreed in consideration of a hundred dollars not to foreclose this property, then I say to you as matter of law these defendants are discharged.

"The burden is upon the defendant to establish that fact by the weight of the credible evidence, and unless the defendant so satisfies you, then I say to you that the plaintiff is entitled to recover the amount of the deficiency, with interest from the date of the writ, which I think the parties have agreed upon."

The substance of all instructions on the subject of the effect of Lincoln's acts upon the plaintiff's rights which appeared in the charge before its close, so far as the record showed, is as above stated.

Following these four paragraphs and at the close of the charge, the defendants, according to the record, "excepted to portion of charge relating to right of agent to bind his principal in matter of extension."

The judge then further instructed the jury on the issue of ratification of the brother's acts by the plaintiff, as described in the opinion, and the defendants saved further exceptions as described in the opinion.

There was a verdict for the plaintiff in the sum of $1,124.55. The defendants alleged exceptions.

In this court, the defendants in substance contended in part that their exceptions should be sustained because "There was no question during the trial as to the right of the brother of the plaintiff, who was acting as her agent to extend this mortgage. However, the court in its charge attempted to limit the rights of the plaintiff's agent to acts done by him when he was the owner of the mortgage note, and that any extension by him, for which he received a bonus, after he assigned the mortgage and note to the plaintiff, would not be binding on the plaintiffs. The defendants were entitled to have the jury instructed on the facts of the case; and the instructions given were clearly erroneous and prejudicial to the rights of the defendants, — for the plaintiff having

testified that her brother, Alfred V. Lincoln, was her agent, and acted for her in relation to this mortgage [referring to her testimony, 'he acted as her agent in relation to the question of the payments and extensions of the mortgage and everything else'] it must follow that he did possess the power to extend the same."

*E. M. Shanley,* for the defendants.

*A. S. Allen,* for the plaintiff, submitted a brief.

WAIT, J. The note in suit was made by the defendants in May of 1907, and was originally secured by a mortgage of real estate. It became due in 1912; and about March 26, 1915 was assigned to the plaintiff by the payee, her brother. A foreclosure sale of the mortgaged property made in 1917 did not realize enough to satisfy it. The writ is dated July 26, 1917.

The makers parted with their equity of redemption in the real estate before the maturity of the note. There was no evidence to show whether in this conveyance their grantee assumed and agreed to pay the note. They defended upon the ground that, without their knowledge or consent, the holder of the note afterward extended the mortgage, or agreed with the then owner of the equity to delay foreclosure.

After a verdict for the plaintiff, they contend that there was error in the exclusion of evidence; in the refusal to direct a verdict in their favor; in the denial of certain requests for instructions; and in parts of the charge to the jury.

There was no error in excluding testimony in regard to the price paid by the defendants for the property in 1907, and to its value at the maturity of the note in 1912. No claim was made of any fraud; and there was no offer of evidence of negligence in the sale. The evidence was immaterial to any issue in the trial.

There was no error in the refusal to direct a verdict for the defendants. The plaintiff produced the note and proved its execution. The defences presented were affirmative. The burden of proving them was on the defendants. The evidence was conflicting. Obviously, no verdict could be directed. *Eddy* v. *Johnston,* 250 Mass. 299, 301.

There was evidence which, if believed, would justify find-

ings that the original payee in 1912 received a bonus of $100 from the owner of the equity to extend the mortgage for three years, and again, after the three years, obtained another $100 as a bonus from a new owner of the premises on an agreement to extend the mortgage for three years if, in addition, the owner paid $250 of the principal. The plaintiff testified that she received $250 on the principal in 1915 and 1916. These receipts were indorsed on the note in her handwriting. She testified that they were transmitted to her by her brother and that she supposed they were made by the defendants. The note was in the hands of the brother until his death in 1921, and until that time he transacted all business for her in regard to it. She testified that "he acted as her agent in relation to the question of the payments and extensions of the mortgage and everything else"; that he foreclosed the mortgage in her name. A son of the defendants, a lawyer, testified that in 1917 the brother sent for him, and said interest was unpaid, and that he had not communicated with the defendants before since they sold the property, because interest was being paid promptly.

At the close of the evidence, the defendants presented six requests for rulings. They cannot complain of the disposition made of them. The judge instructed the jury that if, in fact, an extension was granted by one with authority to grant it the defendants were discharged of liability. Knowledge by the defendants was thus immaterial; and the first request may be disregarded. The second and third requests were given in substance. The fourth, fifth and sixth requests were immaterial upon the issues presented by the pleadings and at the trial, so far as the bill of exceptions discloses.

The requests for instructions presented orally at the conclusion of the charge were presented too late. Rule 44, Superior Court, (1923). No good exception lies to the refusal to give them.

The defendants also claimed exceptions to the instructions actually given in regard to the authority of an "agent to bind his principal in matter of extension." It is open to serious question whether this exception called the attention

of the judge to the subject matter of the contention which has been addressed to us. The instructions actually given cover with sufficient fullness and accuracy the matter of general authority of an agent, and of ratification by a principal who is ignorant of the facts of the agent's action but who accepts and acts upon the result. From this point of view there was no reversible error.

Whether the charge was equally unassailable from a different point of view remains to consider. The judge instructed the jury " as matter of law, that it does not appear that she [the plaintiff] gave her brother as her agent authority to extend this mortgage, or do anything which would prohibit her from foreclosing if it was overdue, if she so desired, and therefore you are to disregard and treat as of no consequence any testimony as to what Mr. Lincoln [the payee] agreed after March 25, 1915, because at that time he was only an agent, and he did not have the right to bind his principal . . . by accepting a hundred dollars, or any other amount, as extension of this mortgage, which would prevent foreclosure and so release the makers. If you find that while Lincoln held the record title before March 25, 1915, he had agreed in consideration of a hundred dollars not to foreclose this property, then I say to you as matter of law these defendants are discharged." This last sentence states the law too favorably for the defendants. *North End Savings Bank* v. *Snow,* 197 Mass. 339. *Codman* v. *Deland,* 231 Mass. 344. However, they do not attack this part of the instructions. They cannot successfully. They have not been harmed.

The judge, after a colloquy following the charge, gave further instructions to the effect that authority to an agent to collect interest due on a mortgage does not confer authority to extend the mortgage. That the agent's act in extending it might be ratified by the principal, and if the plaintiff ratified her brother's act, if in fact he accepted a bonus and extended the mortgage, she would be bound; that accepting interest and principal on the note would not be accepting a bonus; "and I say again . . . that Mr. Lincoln did not have authority on this testimony to bind his sister, unless she has

ratified his act in some way, and, of course, the receipt and indorsement of interest and principal would not be a ratification. . . . in order to ratify the act of your agent you must know what he has done, and you can't have a ratification of an act unless you were first informed as to what has been done." Exception was saved to this last statement.

In the situation in which the words were used, they state the law correctly. Authority to collect interest and principal does not include by implication authority to extend time of payment or to limit use of collateral. *Burnham* v. *Wilson,* 207 Mass. 378. *Murphy* v. *Barnard,* 162 Mass. 72. *Hutchings* v. *Munger,* 41 N. Y. 155.

The receipt of interest or principal is not by implication a ratification of the means taken by an agent to obtain either, when the principal is ignorant in regard thereto. *Combs* v. *Scott,* 12 Allen, 493. *Manning* v. *Leland,* 153 Mass. 510. *Sears* v. *Corr Manuf. Co.* 242 Mass. 395.

The defendants were not prejudiced by instructions that they were discharged, if either the payee while holder of the note extended time or delayed foreclosure, or the plaintiff, after becoming the holder, authorized such extension or delay granted by the agent. But if the jury were given to understand that, as matter of law, there was no evidence in the case from which original authority in the agent to extend time or delay enforcement of the security could be inferred, there was error. The testimony of the plaintiff on cross-examination, that her brother "acted as her agent in relation to the question of the payments and extensions of the mortgage and everything else," taken with the other evidence, will sustain a legitimate inference that at all times the brother had full authority to extend time or delay enforcement as well as to receive payments of interest or principal.

We conclude, however, that the defendants did not save any exception to this aspect of the charge. *Barker* v. *Loring,* 177 Mass. 389. *Rock* v. *Indian Orchard Mills,* 142 Mass. 522. *Chestnut* v. *Sawyer,* 235 Mass. 46.

We find no error to which exception was saved; and, as a result, the order will be

*Exceptions overruled.*