## MICHAEL MURRAY *vs.* JOSEPH B. GROSSMAN.

Norfolk.    November 14, 1934. — January 8, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Evidence,* Presumptions and burden of proof. *Practice, Civil,* Ordering
verdict. *Mortgage,* Of real estate: deficiency after foreclosure. *Judgment.*

In an action by the payee against the maker of a promissory note se-
cured by a mortgage of land in Florida, to recover a deficiency remain-
ing after a sale of the land in foreclosure of the mortgage, the defendant
in his answer pleaded an accord and satisfaction, and bad faith and
lack of diligence on the part of the plaintiff in connection with the
foreclosure, but did not deny that he made the note. At the trial
the plaintiff introduced the note and the record of judicial proceed-
ings for the foreclosure in Florida, from which it appeared that the
defendant was served therein by publication only, that a decree was
entered ordering a sale of the land, that the land was sold for a cer-
tain sum less than the amount due upon the note, and that several
years later a decree was entered to the effect that "there is still due
upon said note" a certain sum. The plaintiff then rested. The
defendant introduced evidence in support of the matters pleaded in
his answer. The trial judge ordered a verdict for the defendant.
*Held,* that, although, because of lack of personal service on the de-
fendant in the proceedings in Florida, the second decree entered
therein was not a decree *in personam* and therefore was not binding
on the defendant as an adjudication that a certain amount was due
from him on the note, nevertheless, the defences pleaded by the
defendant were affirmative defences with respect to which the burden
of proof was upon him, and it was error to order the verdict in his
favor.

CONTRACT. Writ in the District Court of East Norfolk
dated May 23, 1932.

Upon removal to the Superior Court, the action was
tried before *F. T. Hammond,* J. The defendant introduced
evidence that previous to the foreclosure sale in Florida
described in the opinion it was agreed between the plain-
tiff and the defendant that the defendant should relinquish
his rights under his second mortgage and permit the plain-
tiff to acquire the property at the sale, and that the plaintiff

should "bid it in for enough" and should cancel his claim against the defendant; that the plaintiff assured the defendant that it was not necessary for the defendant to attend the sale; that the defendant refrained from attending in reliance upon that assurance; and that the fair market value of the property then was $23,000. Other material evidence is stated in the opinion.

The judge ordered a verdict for the defendant, stating: ". . . these proceedings in Florida were not *in personam*. It is admitted that the only service was by publication, and there could not be any deficiency decree. . . . the computations by the court in Florida and the findings by the court in Florida are not binding as between the persons involved in this litigation, this being an action for personal damages on this note. . . . On the broad ground that the finding by these decrees, with respect to the items involved, are not binding on the parties in an action to enforce the note itself — there not having been any deficiency decree founded upon a proper service between the parties, I don't think that the defendant is bound by this decree and these findings. That is the broad ground. This is an action to enforce a personal liability." The plaintiff alleged exceptions.

*F. R. Walsh*, for the plaintiff.

*J. L. Barron*, for the defendant.

PIERCE, J. This is an action of contract wherein the plaintiff seeks to recover an unpaid balance upon a promissory note, executed in Florida, on February 7, 1925, by the defendant, and made payable to the plaintiff or order. The defendant's substituted answer is as follows: "And now comes the defendant in the above entitled case and for answer denies each and every material item, allegation and particular in the plaintiff's writ and declaration contained. And further answering, the defendant says that if he ever owed the plaintiff anything he has paid him in full and now owes him nothing. And further answering, the defendant says that he had an agreement of accord and satisfaction with the plaintiff whereby the defendant was discharged from any liability on the note declared upon in the plaintiff's

declaration. And further answering the defendant says that the note declared on by the plaintiff was a mortgage note secured by a mortgage of certain real estate at Miami, Florida; that said mortgage was foreclosed under a power of sale contained therein; that the holder of said mortgage and note at the time of the said sale was required to exercise said power in good faith, and to protect the interests of the defendant; that said power was not exercised in good faith and with reasonable diligence for the protection of the defendant; and that as a result of said lack of good faith and of said failure to exercise reasonable diligence as aforesaid, the defendant has suffered great loss and damage."

At the trial the plaintiff introduced in evidence the note (Exhibit 1), the signature to it not being denied, and official copies of the record of certain proceedings in the "Circuit Court of the Eleventh Judicial Circuit of the State of Florida in and for Dade County, in Chancery." The defendant admitted signing Exhibit 1; "that he was the owner of Lot 6 of Block 51 of Ocean Beach Addition 3 according to map or plat thereof recorded in Plat Book 2, page 81, of the Public Records of Dade County, Florida on the date of the note, February 7, 1925, and that the defendant gave a mortgage to the plaintiff at the time the note was given, the mortgage being in the sum of $17,500." The plaintiff then rested.

The defendant testified in direct examination, in substance, as follows: His legal residence was in Quincy, Massachusetts. Prior to 1925, he had negotiations in Florida with the plaintiff with the result that the plaintiff conveyed to him by deed certain property in Florida, and as a part of the purchase price thereof he executed a promissory note (Exhibit 1) to the plaintiff secured by a mortgage on said property. He paid the plaintiff for the property approximately $26,000, paying about $8,400 in cash, and the note introduced in evidence by the plaintiff represented the difference between the purchase price and such adjustments as were made. He paid the interest in the sum of $705.97 in August, 1925, and that was the only time he paid any interest in money to the plaintiff on the note. He sold the

premises about August, 1925, and took a second mortgage on the property which was in default in November, 1926.

The record of the Circuit Court, above referred to, shows that the plaintiff prior to April 13, 1927, had instituted proceedings in that court to foreclose said mortgage, in which the present defendant and others were named as parties defendant; that on the last named date the cause came on to be finally heard; that the "General Master's report was filed in this cause . . . duly entered upon the docket of said Court; that the right to file exceptions thereto" had been waived; and that it was decreed that said report stand confirmed. The decree further recited that "it appearing to the satisfaction of the Court from an examination of the record and papers filed in said cause, that due and legal service has been had upon all the Defendants herein, and that the Complainant is entitled to the relief prayed for in his bill; and the Court being fully advised in the premises: now, from an examination of said files, finds that there is due to the Complainant from the Defendant Joseph B. Grossman . . . $20,630.56." The decree further ordered that the defendant Grossman pay to the complainant Murray, "within two days from the date of this decree, the said sum of" $20,630.56, "together with the costs of this suit, to be taxed by the Clerk"; and "in default of payment . . . the said mortgaged premises . . . [shall] be sold at public outcry for cash in hand, by Norris McElya, General Master in Chancery of this Court, to the highest . . . bidder . . . ." The records of the Circuit Court show that the general master caused the notice of the sale to be published as ordered by the court's decree; that a sale of the mortgaged premises described in the decree was made on June 6, 1927, for the sum of $18,000; that the costs attending the sale were $1,607.11; that the total amount due the complainant on June 6, 1927, was $20,878.12, and the balance due the complainant after deducting the amounts credited was $4,485.23. It is conceded by the plaintiff, and the judge in the present action states, that the amount found was, through error in computation, too large by $1,310.43.

Assuming that the decree of the Circuit Court, dated

May 14, 1932, "that there is still due upon said note the sum of . . . $4,585.23 [$4,485.23 ?] as principal, with interest thereon from the 6th day of June, 1927," necessarily imports that the sale was made in pursuance of the decree of the Circuit Court dated April 13, 1927, and that said sale was confirmed by said Circuit Court prior to the decree of May 14, 1932, it does not follow that the plaintiff was entitled because of the decree of May 14, 1932, to recover $4,585.23 [$4,485.23 ?] with interest from June 6, 1927, or $3,174.80 with interest at eight per cent from June 6, 1927, as the plaintiff contends. Nor does it follow from the evidence supplementing the defendant's substituted answer, *supra,* that the defendant as matter of law was entitled to have a directed verdict in his favor. The defences of payment, accord and satisfaction, lack of diligence for the protection of the defendant, and bad faith are each of them affirmative defences with the burden of proof upon the defendant. "It was admitted that in the proceedings in the Circuit Court in Florida in which decrees were entered as shown by Exhibits 2, 3 and 4, that the only service upon the defendant was by publication." Such being the admitted fact, it is plain that the decree of May 14, 1932, was not a deficiency decree *in personam* upon which, as upon a judgment, an action would lie against the defendant, but was a decree *quasi in rem* affecting only the property of the defendant in the State of Florida. *Pennoyer* v. *Neff,* 95 U. S. 714. As has been said, the deficiency finding in the decree would not justify a finding that the note was unpaid in the amount found in the decree. The plaintiff, however, accepted the finding and claims no greater sum than the court found due. The defences to the note are entirely affirmative and presented questions for the jury. It follows that the order directing a verdict for the defendant was error, and the case should stand for hearing on the several affirmative defence issues. *Levey* v. *Higginson,* 266 Mass. 381. *Lincoln* v. *Finkelstein,* 255 Mass. 486. *Eddy* v. *Johnston,* 250 Mass. 299, 301.

*Exceptions sustained.*