JOHN F. DONAHUE, JR. *vs.* TILLYE LEVENTHAL.

Middlesex.     November 17, 1938. — February 21, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Conversion. Evidence,* Presumptions and burden of proof, Admissions.
  *Mortgage,* Personal property: possession of mortgaged property.

In an action for conversion of a mortgaged chattel by the mortgagee,
  the burden of proving that there was no breach of a mortgage condi-
  tion justifying the defendant in taking possession was upon the plain-
  tiff.

Refusal by the mortgagee of a mortgaged chattel to surrender possession
  of it based on a stated reason other than breach of condition of the
  mortgage was some evidence that there had been no breach and war-
  ranted but did not require a verdict for the mortgagor in an action
  against the mortgagee for conversion.

TORT. Writ in the Superior Court dated June 28, 1932.

The action was tried before *Donahue,* J., who ordered a
verdict for the plaintiff. The defendant alleged exceptions.

*H. A. Leventhal & A. L. Levine,* for the defendant, sub-
mitted a brief.

*W. H. Sullivan,* for the plaintiff.

RONAN, J. This is an action for the conversion of
an automobile truck by the defendant, who held a note
secured by a mortgage upon the truck. The parties agreed
that the note and mortgage were executed and delivered
upon November 12, 1931; that the mortgage was duly
recorded; and that the plaintiff had possession of the truck
until December 3, 1931, when it was taken from him by
the defendant who, on the next day, gave the plaintiff
written notice of a foreclosure sale of the truck for breach
of conditions of the mortgage. The mortgage was condi-
tioned upon the payment of the plaintiff's note in monthly
instalments, the first of which would become due on De-
cember 12, 1931; the maintenance by the plaintiff of
insurance against fire in not less than a certain sum for
the benefit of the mortgagee; the prevention of waste or

destruction of the property; and the absence of its sale and freedom from attachment on mesne process. The possession, use and enjoyment of the truck were granted to the plaintiff until default in the conditions of the mortgage (*Brackett* v. *Bullard*, 12 Met. 308, *Landon* v. *Emmons*, 97 Mass. 37, *Wells* v. *Connable*, 138 Mass. 513), when the mortgagee "may take immediate possession of said property and for that purpose may, so far as I can give authority therefor, enter upon any premises on which said property or any part thereof may be situated, and remove the same therefrom." There was evidence that, after the truck had been taken, the plaintiff saw the defendant's attorney and demanded that he return it, but that the attorney refused to do so unless the plaintiff assigned to him a claim of $300 which was owed to the plaintiff by a third person. The parties agreed upon the amount of damages. The judge, subject to the defendant's exception, refused to direct a verdict for the defendant and, also subject to the defendant's exception, instructed the jury that the burden was on the defendant to show a breach of the conditions of the mortgage, and that there was no evidence of any breach; and he directed the jury to return a verdict for the plaintiff.

In order to maintain this action for conversion it was necessary for the plaintiff to prove that he had a complete property in the truck, either general or special, and that at the time of the taking by the defendant he had actual possession or the right to its immediate possession. *Bacon* v. *George*, 206 Mass. 566. *Judkins* v. *Tuller*, 277 Mass. 247. *Handy* v. *C. I. T. Corp.* 291 Mass. 157. *Standard Plumbing Supply Co.* v. *Gulesian*, 297 Mass. 214. He was entitled to the full use and possession of the truck even as against the mortgagee so long as he observed the terms of the mortgage. If the plaintiff had complied with the provisions of the mortgage when the truck was taken by the defendant, then such a taking constituted a conversion. *Rogers* v. *Barnes*, 169 Mass. 179. *Downey* v. *Bay State Street Railway*, 225 Mass. 281. *Glassman* v. *Ficksman*, 238 Mass. 580.

The plaintiff's possession was lawful as long as all the conditions of the mortgage were kept and observed, and the defendant was authorized to take immediate possession only upon a breach of any of these conditions. To prove that he was entitled to possession at the time of the appropriation by the defendant, as he must in order to prevail in an action for conversion, the plaintiff was bound to show that he then had possession in accordance with the provisions of the mortgage. The mere taking by a mortgagee may or may not be wrongful. The proof of such a fact without showing an observance of the terms of the mortgage was insufficient to prove that the plaintiff was entitled to recover. *Smith* v. *First National Bank in Westfield,* 99 Mass. 605. *Morley* v. *Eastern Express Co.* 116 Mass. 97. *Childs* v. *American Express Co.* 197 Mass. 337. *Hanna* v. *Shaw,* 244 Mass. 57. *Tanona* v. *New York, New Haven & Hartford Railroad,* 301 Mass. 589. There was error in charging the jury that the burden was upon the defendant to show a breach of the conditions of the mortgage. *Wylie* v. *Marinofsky,* 201 Mass. 583, 585. *Freedman* v. *Peoples National Bank of Marlborough,* 291 Mass. 168, 171. *Standard Plumbing Supply Co.* v. *Gulesian,* 297 Mass. 214, 216.

The taking of the truck by the defendant was undisputed but the parties were at issue as to the legality of taking. The conversation between the plaintiff and the defendant's attorney when a demand was made for the return of the truck could be considered by the jury as indicative of the reason why the truck was taken. The failure of the attorney to claim that there had been a breach of any condition of the mortgage was evidence that the truck was not taken because of any such breach and that no such breach existed. These were questions of fact, the decision of which depended upon the credibility of the witnesses, even if their evidence was uncontradicted. It can rarely be ruled that oral testimony is sufficient to sustain the burden of proof. *Giles* v. *Giles,* 204 Mass. 383. *Coleman* v. *New York, New Haven & Hartford Railroad,* 215 Mass. 45. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450. *Eddy* v. *Johnston,* 250 Mass. 299.

There was error in directing the jury to return a verdict for the plaintiff, but the judge was right in denying the defendant's motion for a directed verdict. *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322. *Glassman* v. *Ficksman,* 238 Mass. 580.

*Exceptions sustained.*