CAVAN, J.
This is an action of tort for the conversion of an automobile.
The trial judge made the following finding of facts:
Eli Taylor, for the plff.
Charles S. McLaughlin, for the deft.
“1. I find that on December 5, 1947, the plaintiff made a loan to one Chester M. King of Malden and secured the same by a mortgage on an automobile owned by said King and which mortgage it mailed to the office of the City Clerk of Malden and which notice was received by the said Clerk’s office on December 15, 1947, at 8:00 A. M. and was duly recorded as of said date and time.
2. I find that the defendant, Shea Motors, Inc., acted as agent of said one, Chester M. King, in selling said automobile at auction.
3. I find that there was no breach of condition on said mortgage until sale and that said plaintiff was not in possession or entitled to possession thereof prior thereto.
4. I find that only after the sale which in effect was merely an attempt to sell adversely as to the rights of the plaintiff would the plaintiff be entitled to possession.”
The judge ruled that there was no conversion, and found for the defendant. The only matter of law, set forth in the report for determination, is whether the plaintiff was aggrieved by the denial of his request:
“No. 2. The whole legal title and right of possession passes to the mortgagee by a mortgage of personal property and is defeated only by the performance of the condition stated in the mortgage. See Ring v. Neal, 114 Mass. 112.”
This is not an accurate statement of the law. In Brackett v. Bullard, 12 Met. 208, Shaw, C. J., states: “A mortgage of goods vests the general property in the mortgagee who has the immediate right of possession unless there is an express stipulation to the contrary. There is such a stipulation in the present case, and the said King’s possession “was lawful so long as all the conditions were kept and observed, and the (plaintiff) was authorized to take immediate possession only upon a breach of any of these conditions. Donahue v. Leventhal, 302 Mass. 393, 395.
There was no prejudicial error in the denial of plaintiff’s request for ruling No. 2. The report is to be dismissed.