*Northern District*

No. 6138

**DIMITRA CHALAS**

v.

**JOSEPH MOORE, Trustee of**
**Moore Realty Trust**
**and**
**FAIRVIEW GARDEN HOMES, INC.**

*Present*: Brooks, P.J., *Yesley, Durkin, JJ.
Case tried to *Di Vitto, J.* in the First District Court of Southern Middlesex, No. 3845.

*Yesley, J.* This is an *action of contract* in which the plaintiff, a licensed real estate agent, seeks to recover a commission on the sale of a single family house on Cheryl Lane, Holliston, owned by the defendant Joseph Moore, as trustee (Moore). The trial jus-

tice found that Moore listed the property for sale with defendant Fairview Garden Homes, Inc. (Fairview), in whose employ the plaintiff then was; that she subsequently pointed out the house to a Mrs. Parkin as they drove by it one day remarking that it "was out of [Mrs. Parkin's] range since it was selling for $24,000.00"; that Mrs. Parkin first viewed the "property in some detail" and the interior of the house "when she was referred to Mr. Moore by a Mr. DiGiacomo"; that after several conversations and negotiations with Moore she purchased the house for $19,000.00 plus $2000.00 to be paid when a recreation room was completed; that the efforts of Moore and not those of the plaintiff "were the efficient and effective means of bringing about the actual sale"; that the parties were not brought together through the efforts of the plaintiff; and that the plaintiff did not "produce a customer ready, able and willing to buy". There was a finding for the defendants. The plaintiff claims to be aggrieved by "the disposition and refusal" of her requests for rulings numbered 3, 4, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 23, 24 and 25.

In her brief the plaintiff puts the questions brought here upon appeal as: (1) whether the efforts of the plaintiff were the efficient cause of the sale; and (2) whether there was insufficient evidence to warrant a finding in favor of the defendant, Joseph Moore, Trustee.

In support of her contention that the

plaintiff's efforts were the efficient cause of the sale she cites "uncontroverted evidence" that she introduced Mrs. Parkin to Moore. We need not dwell on whether or not evidence as bare as that would support a finding that the plaintiff's efforts were the efficient cause of the sale. The short answer to this contention is that the trial justice was not required to believe that evidence even though uncontroverted. See *Donahue v. Leventhal*, 302 Mass. 393, 395; *Leigh v. Rule*, 331 Mass. 664, 667.

The plaintiff's difficulty is compounded by the finding of the trial justice that she was *not* the efficient cause of the sale. This finding must stand if sustainable upon any view of the evidence together with all rational inferences which might be drawn therefrom. *Moss v. Old Colony Trust Company*, 246 Mass. 139, 143; *Casey v. Gallagher*, 326 Mass. 746, 748. See also *Selig v. Melanson*, 16 Legalite 568 (Appellate Division, Southern District) and cases cited on page 569, and *Muzi Motors, Inc. v. Caruso*, 21 Mass. App. Div. Dec. 84, 88. There was ample evidence to support this finding.

The plaintiff fares no better on her second proposition, namely, that there was insufficient evidence to warrant a finding for defendant, Moore. In order to recover she must show that the property was listed with her and that she produuced a customer ready, willing and able to purchase it upon the terms and for the price given to her by the

owner. *Henderson & Beal, Inc. v. Glen,* 329 Mass. 748, 751. Even if we disregard the fact that Moore listed the property with the plaintiff's employer (Fairview) and not with the plaintiff, which employer it may be noted makes no claim for a commission on this sale, it could not have been ruled that the evidence was insufficient to warrant a finding for Moore.

The plaintiff has the burden of proof and under such circumstances it is not the sufficiency of evidence to warrant a finding for the defendant that is put to the test. To hold so would in effect shift the burden.

Even where the (oral) evidence is uncontradicted, the question is still one of fact the decision of which depends upon the credibility of the witnesses. See *Donahue v. Leventhal,* supra, 302 Mass. 393, 395.

In support of her contention that there was insufficient evidence to warrant a finding for Moore, the plaintiff argues that certain findings of the trial justice are not sustainable upon any reasonable view of the evidence. This court does not review findings as such. *Kelsey v. Hampton Court Hotel Company,* 327 Mass. 150 and cases cited on page 152. This court will review the sufficiency of evidence to warrant findings of fact decisive of an issue in a case, when posed by appropriate requests for rulings. See *Stella v. Curtis,* 348 Mass. 458, 461-462.

We do not feel that a request for a

ruling that there was insufficient evidence to warrant a finding for the defendant properly presents an issuue of whether specific findings of the trial justice upon which he based his ultimate finding should be sustained. Nevertheless, we have examined the report and see no basis for disturbing ony of the specific findings attacked by the defendant. Each thereof had support in the evidence.

We turn now to the requests for rulings, the disposition whereof brought this case here.

What has been said above on the second question posed by the plaintiff in her brief disposes of her appeal from the denial of her requests for rulings Nos. 3 and 4, which dealt with the sufficiency of the evidence to warrant a finding for the defendants.

Requests numbered 11 through 15, 24 and 25, stated legal principles which the trial justice ruled to be correct statements of law. However, each request was premised on facts not found by him, thereby rendering these requests inapplicable. There was no error in his treating them as such.

Request No. 16 asked for a ruling that "the evidence is sufficient to warrant a finding that defendants employed plaintiff to find a purchaser for the realty ultimately sold to Willis and Bertha Parkin." The trial justice could not grant this request as there was no evidence that would warrant a finding that defendant Moore hired the plaintiff.

The evidence was that he hired defendant Fairview which was the plaintiff's employer. No error is disclosed by the denial of this request in any event since the case did not turn on the issue of hiring but rather on whether the plaintiff produced Mrs. Parkin and whether her efforts brought about the sale, on which issues the trial justice found against the plaintiff. *Himmelfarb v. Novadel Agene Corporation,* 305 Mass. 446, 448.

Request No. 17 asked for a ruling that "the sale of said realty which plaintiff was authorized to sell did not deprive her of right to a commission where it coud be found that her efforts were the efficient cause of the sale." The trial justice properly denied this request, adding a specific finding that "plaintiff was not the efficient cause of the sale". It was not sufficient for the plaintiff to prevail, that a crucial finding *could* have been made. The finding by the trial justice contrarywise destroyed the efficacy of the request as a statement of law. There is no error here.

Request No. 19 asked for a ruling that "on *all* the evidence a finding is warranted that the plaintiff's efforts were the efficient cause in the sale of realty to Bertha and Willis Parkin." The court denied this request. Whether or not it technically should have been granted is of no moment in view of the special finding of the trial justice that the plaintiff's efforts were *not* the efficient cause of the sale. It follows that no prejudicial error is disclosed by the denial of this re-

quest. *Himmelfarb v. Novadel Agene Corporation,* 305 Mass. 446, at page 448. The same reasoning applies to the trial justice's denial of request No. 21 that he rule that: "On all the evidence a finding is warranted that plaintiff is entitled to commission on the sale price of realty in question." The trial justice by clear and definite findings demonstrated that this request was immaterial because of the findings. *Himmelfarb v. Novadel Agene Corporation,* 305 Mass. 446, at page 448.

Requests for rulings numbered 20 and 23 raise the issue as to whether it could be found that the defendant Moore acted in bad faith. Here again the special findings of the trial justice, particulary his finding of no bad faith on the part of the defendant, cured any technical error that may have been committed in the denial of these requests.

*There being no prejudicial error, the report is ordered dismissed.*

Anthony T. Petrocca, of Millis, for the plaintiff.
Joseph L. Shea, of Holliston, for the defendant.