*Southern District*

No. 22124

## DONALD DUILIO, d/b/a
## AMERICAN AUTO SALES

v.

## RICHARD H. SENECHAL
and
## L. G. BALFOUR COMPANY EMPLOYEES
## FEDERAL CREDIT UNION

Argued: June 25, 1969 Decided: August 20, 1969

*Present:* Nash, C.J. *Cox, J.

Case tried to *Lee, J.,* in the Fourth District Court of Bristol. No. 22124.

*Cox, J.* In this action of contract the plaintiff seeks to recover, as a holder in due course, five hundred dollars, being the amount of a check he received from the above named de-

fendant Credit Union in connection with the sale of a 1959 Ford automobile to the defendant Senechal.

There was a finding for the defendant.

The case was reported because the plaintiff claims to be aggrieved by the denial of certain of his requests for rulings and by the allowance of rulings requested by the defendant Credit Union.

The facts do not appear to be in dispute. The issues considered are raised by the requested rulings.

The defendant Senechal, wishing to purchase the 1959 Ford automobile from the plaintiff, a dealer, borrowed five hundred dollars from the Credit Union. Senechal gave the Credit Union his promissory note for the repayment of the loan. The loan was represented by the check of Credit Union for five hundred dollars drawn upon the Attleboro Trust Company and payable to the order of Senechal and American Auto Sales, the plaintiff's trade name. Thereafter, Senechal endorsed and delivered the check together his 1950 Ford truck as a trade-in to the plaintiff. The plaintiff then transferred ownership of the 1959 Ford automobile to Senechal by bill of sale and possession. It is agreed that neither the plaintiff nor Credit Union had a security interest in the 1959 Ford automobile.

Learning that Senechal had been dicharged by his employer, G.L. Balfour Company, Credit Union stopped payment of the check. According-

ly, when the plaintiff presented the check to the bank payment was refused. Thereupon, as the result of efforts by the plaintiff to restore the parties to the *status quo ante,* Senechal returned the 1959 Ford automobile to the plaintiff who accepted it. Senechal did not give the plaintiff a bill of sale, believing, though mistakenly, that Credit Union had a security interest in it. This action followed.

The justice made special findings concluding — "I find that the plaintiff is not entitled to any damages in as much as the car is now in his possession, title could be perfected and the motor vehicle sold in satisfaction of the purchase price. The plaintiff in good equity and conciousness (conscience) is not entitled to damages in this case".

The plaintiff claims as a holder in due course to be entitled to the amount of the check. He contends that he did not take title to the 1959 Ford and therefore was not made whole.

The plaintiff, contrary to his contention, received not only possession but also a good title to the vehicle, notwithstanding redelivery was not accompanied by a bill of sale. *Casey* v. *Gallagher,* 326 Mass. 746. The findings show that Senechal clearly intended a retransfer to the plaintiff of such title as he had, and because in fact there was no security interest outstanding, the title was unencumbered and was good. G.L. c. 106, § 2-401 (2), (3) (b). Whether the 1959 Ford was taken back by the plaintiff in

satisfaction of the check presented a question of fact. *Champlin* v. *Jackson,* 313 Mass. 487. *Emerson* v. *Deming,* 304 Mass. 478, 483. *Murray* v. *Grossman,* 289 Mass. 217, 221. *Worcester Color Co.* v. *Henry Wood's Sons Co.,* 209 Mass. 105, 110. That it was, finds ample support in the evidence.

The conclusion is warranted that the check in the plaintiff's possession had been satisfied and therefore that the plaintiff may not recover the amount thereof. It is provided by G.L. c. 106 § 3-603, that ''(1) The liability of any party is discharged to the extent of his payment or satisfaction to the holder ...'' and ''(2) Payment or satisfaction may be made with the consent of the holder by any person including a stranger to the instrument.''

The finding was warranted, if not required, that satisfaction of the check was made with the consent of the plaintiff as holder and that the liability of the defendant as drawer was thereby discharged.

Whether the plaintiff is a holder in due course is inconsequential, so far as recovery of the amount of the check is concerned, and there was no prejudicial error in denying the plaintiff's requested rulings to the effect that he is holder in due course or in allowing that of the defendant that he is not. It is enough that he is a holder, and that, as such, satisfaction was made with his consent, as the Uniform Commercial Code provides. G.L. c. 106, § 3-202 (1) ; § 3-301;

§ 3-603 (1) (2). The plaintiff has obtained restitution by being restored to the position he formerly occupied by the return of the 1959 Ford sedan which he formerly had. Restatement. Restitution, § 1 G.L. c. 231, § 31.

As no prejudicial error has been shown the report should be dismissed.

THOMAS R. LEEDHAM, JR.

of South Attleboro for the plaintiff.

MCINTYRE & HENRY

of Attleboro for the defendant Credit Union.