*Municipal Court of the City of Boston*

## No. 360229

# GLOBE FINANCIAL SERVICES, INC.
## v.
# E. ANN CIMINO

Argued Jan. 23, 1976. Decided April 26, 1976.

Case tried to *Elam, J.,*

Present: Lewiton, C.J.; Foster, Doerfer, J.J.

**Lewiton, C.J.** In this action of tort, the plaintiff seeks to recover for the alleged conversion by the defendant of a motor vehicle in which the plaintiff claimed a security interest. The defendant's answer

contained a general denial, and a specific denial of the plaintiff's claims that it had a perfected security interest in, and the right to possession of, the vehicle. After a finding for the defendant, the plaintiff claimed that it was aggrieved by the finding and by the court's rulings on requests submitted by the plaintiff.

The evidence may be summarized as follows: On July 26, 1972, the plaintiff granted a loan to one Lyons, and "as part of said transaction took a security interest on" the vehicle in question. "Uniform Commercial Code" forms were recorded with the Clerk of the City of Waltham and the Secretary of the Commonwealth at that time." On February 1, 1973, Lyons was in default under the terms of his note, and the plaintiff "was thereupon entitled to immediate possession of the motor vehicle according to the terms of the security agreement." On or about March 28, 1973, Lyons sold the vehicle to the defendant for $500. She thereupon registered the vehicle and obtained a Certificate of Title which failed to indicate any liens. On or about December 13, 1973, the plaintiff made demand on the defendant for the motor vehicle, but the defendant refused to deliver it. The vehicle was then in an auto repair shop, and was later sold by the defendant.

At the close of the evidence, the plaintiff submitted several requests for rulings, including the following which were acted upon as indicated:

"2. That on March 28, 1973 the plaintiff was the holder of a properly recorded security interest in the motor vehicle, 1967 Ford Galaxie, serial number 7E57C250212.

COURT: *Denied as request is for a finding of fact.*

"5. That the registration of the motor vehicle in her name by the Defendant constitutes exercising dominion over said chattel. COURT: *Allowed.*

"7. That the plaintiff is entitled as damages to the fair market value of the motor vehicle at the time of the conversion: COURT: *Allowable as correct statement of law, but inapplicable to facts found.*"

The court made special findings that the defendant purchased the motor vehicle in question on March 28, 1973 and paid valuable consideration for it; that the vehicle was properly registered and that an application for title registration was filed with the Registry indicating there were no liens on the vehicle; and that when demand was made on the defendant by the plaintiff, the defendant was no longer in possession of the vehicle. There was a finding for the defendant.

Although the report states that it contains all the evidence material to the questions reported, there are obvious ambiguities and apparent gaps in the evidence as reported which make it substantially impossible for us to determine whether the rulings by the trial judge were correct.

The plaintiff's requested ruling No. 2 that the plaintiff was the holder of "a properly recorded security interest" in the vehicle was not denied by the trial justice on the ground that it was a request for a finding of fact. Assuming that the phrase "a properly recorded security interest" as used in that request was intended to refer to "a perfected security interest" within the meaning of G.L.c. 106, Article 9[1], the requested ruling involved a mixed question of law and fact. Nevertheless the request was properly denied since the evidence did require a finding of compliance with the filing requirements of said Article 9 for the

---

[1] Since such security interest as the plaintiff may have had was created as part of a loan transaction occurring on July 26, 1972, it would be governed by the provisions of G.L.c. 106, Article 9, rather than by the provisions of G.L.c. 90D (the Motor Vehicle Certificates of Title Law), which, though enacted in 1971, did not take effect until September 1, 1972. See Acts of 1971, c. 754, §4, and G.L.c. 90D, §37, inserted by section 1 of said chapter 754.

perfecting of a security interest in this vehicle. Specifically, there was no evidence to require a finding of compliance with the statutory requirements as to the contents of the financing statement, if one was filed. G.L.c. 106, §9-402. Certainly, the evidence that "Uniform Commercial Code forms" were filed did not meet this burden. Also, there was no evidence before the court as to the location of Lyons' residence or of his usual place of business, or where the vehicle was kept or evidence as to whether this vehicle was to be regarded as "consumer goods" as defined in G.L.c. 106, §9-109 (1), all or any of which would materially affect the filing requirements. G.L.c. 106, §9-401(1)(a).

 The court's ruling on plaintiff's request No. 7, that it was inapplicable to the facts found, is more troublesome. It has long been a rule of this court that whenever any request for a ruling, founded on evidence, is refused on the ground that it is inapplicable to the facts found, the court must state the facts found as to which the requested ruling is inapplicable, or such facts must be readily apparent in special findings made by the court. See Dist./Mun. Cts. R. Civ. P. Rule 64 (b). (For prior rule to the same effect, see Rules of the Municipal Court of the City of Boston (1952) Rule 30.) Compliance with this rule is essential in order that the parties and reviewing courts may be able to determine whether the court's action on the requested ruling was based upon the application of correct principles of law. See *Home Savings Bank v. Savransky,* 307 Mass. 601, 603 (1940). Referring to the special findings made by the trial justice in this case, we see none which would render the requested ruling inapplicable.

The reported evidence warranted, though it did not require, a finding that the plaintiff had acquired a valid, though unperfected, security interest in the vehicle. Such an interest, if found to have existed, would entitle the plaintiff to recover for conversion against the defendant unless it were found that she

gave value and received delivery of the vehicle without knowing of the unperfected security interest of the plaintiff. G.L.c. 106, §9-301 (1) (c). There being no question that the defendant exercised dominion over the vehicle by registering it in her own name, and thereafter by selling it to a third party after demand by the plaintiff, the latter would have been entitled to its requested ruling No. 7 as to the measure of damages at the time of conversion unless the court found that there was in fact no conversion. While such a finding could have been made, it would have involved a subsidiary finding (a) that the court was not satisfied by the evidence, though uncontradicted, that the plaintiff had actually acquired a valid security interest in the vehicle (See *Hoffman v. Chelsea,* 315 Mass. 54, 56 (1943); *Donahue v. Leventhal,* 302 Mass. 393, 395 (1939), or (b) that the defendant was without knowledge of the plaintiff's security interest when she paid value for the vehicle and obtained possession of it. G.L.c. 106, §9-301 (1) (c). No such findings were made by the trial justice. On this state of the record, we are unable to determine whether his ruling as to the inapplicability of plaintiff's request No. 7 was correct, or was based on a failure to apply correct principles of law as to the effect of an unperfected security interest in the circumstances of this case. *Kaufman v. Syderman,* 251 Mass. 210, 217 (1925). That being so, we must vacate the finding for the defendant, and order a new trial.

**Finding for defendant vacated. New trial ordered.**