Jodrey, J.
In this action plaintiff seeks recovery for defendant’s breach of contract to make certain repairs and improvements to plaintiffs real estate.
At the trial, there was evidence tending to show that:
In July 1975, plaintiff and defendant made an agreement wherein defendant undertook to furnish all necessary materials, labor, and workmanship to install aluminum siding on a house owned by the plaintiff at 27 Pope Street in Hudson. The agreement called for the installation of siding on all shingled areas of the house, the installation of six pairs of shutters, insulation with aluminum foil, the closing in of porch area with windows and door, the grounding of the house by an electrician, and provided for a 20 year guarantee on labor and materials. The contract price, agreed to by the plaintiff, was $3,580.00 payable in installments as provided for in the agreement.
Defendant failed to insulate with aluminum foil and failed to ground the house as required by the contract. It is also stated in the report that defendant failed to *32 install drain pipes, but we ignore that as the contract had no provisions concerning drain pipes nor was there any evidence regarding the same included in the rather skimpy report.
There was no answer filed by the defendant. However defendant filed copies of two instruments, dated October 6, 1979, which the trial court accepted as an answer and plaintiff did not object thereto. These instruments signed by the plaintiff, and witnessed, contain the following language:

FIRST INSTRUMENT:

“I, Fernando Palatino, hereby accept a check from Carlton Aluminum in the amount of $100.00 for siding work not done to the porch area, in full settlement against Carlton Aluminum of New England, Inc., for any and all claims that all work is considered completed in full as of this date.”

SECOND INSTRUMENT:

“I, Fernando Palatino, hereby accept a check from Carlton Aluminum of New England, Inc. in the amount of $300.00 for carpentry work not done to porch area, in full settlement against Carlton Aluminum of New England, Inc. for any and all claims that all work is considered completed in full as of this date.”
There was also evidence that the plaintiff had been in this country only about 5 years, having emigrated from Argentina. Plaintiff claimed that to remove the present siding and install aluminum would cost $10,000. Defendant’s witness’ estimate was $1,800.
At the close of trial and before final arguments, the plaintiff made and filed with the trial court requests for rulings. These requests and the court’s action thereon were as follows:
1. There is sufficient evidence to warrant a finding for the plaintiff. (Denied)
2. Whether a contract is entire or divisible is largely a question of the intention of the parties. The intention is to be gathered from the language of the parties, the subject matter and the accompanying circumstances so far as competent. (Denied)
3. An intentional departure from the precise requirements of a contract is not consistent with good faith in the endeavor to fully perform it. (Denied)
The defendant’s requests duly filed were:
1. The release signed by the plaintiff and the payment by the defendant of $100.00 and introduced in evidence, releases the defendant from further claims and bars this action. (Allowed)
2. The release signed by the plaintiff and the payment by the defendant of $300.00 introduced in evidence, releases the defendant from further claims and bars this action. (Allowed)
The- trial court found for the defendant.
Plaintiff claims to be aggrieved by the refusal of the trial court to allow his requests for rulings.
It is clear that the purported releases do not conform to the requirements of the rules respecting pleadings, which direct that a party shall state in short and plain terms his defenses to the claim asserted and shall admit or deny the averments upon which the adverse party relies. Furthermore, such affirmative defenses as accord and satisfaction or release must be affirmatively pleaded, and allegations in the plaintiff s complaint other than those as to the amount of damage are admitted when not denied in the answer. Dis./Mun. Cts. R. Civ. P., Rule 8. Hale v. Dodge, 324 Mass. 51 (1949).
Even if an answer conforming with the requirements of Rule 8 had been filed, whether there was a valid and full release or an accord and satisfaction is a *33 question of fact to be proven at the trial and not a question of law. Murray v. Grossman, 289 Mass. 217 (1935). Goodyear Service Stores v. Gustafson, 16 Mass. App. Dec. 8 (1958).
Plaintiffs request #1, was a “warrant” request and should have been allowed unless a finding for the opposite party would be required as a matter of law. See Strong v. Haverhill Electric Co. 299 Mass. 455, 456 (1938). Allain v. Salisbury, 27 Mass. App. Sec. 86 (1963).
Although the trial judge did not make any findings of fact, the reported evidence, albeit scanty, the denial of plaintiff s request # 1, and the allowance of defendant’s requests, indicate that the judge concluded that as a matter of law the two instruments were a complete defense to this action.
It appears, questions of pleading aside, that the judge treated the instruments as general releases or as an accord and satisfaction. The instruments are before us and we are of the opinion that they could well be construed as releases relating only to the siding work and carpentry not done to the porch area. It is our view that these instruments should have careful scrutiny at a new trial.
It is not necessary for us to discuss at length the denial of plaintiff s request #2 and #3. We consider that request #2, a valid general statement of the law, should have been allowed. As to request #3, inasmuch as we can imagine circumstances, such as illegality or impossibility of performance which might excuse an intentional departure from the precise requirements of a contract, request #3 was justifiably denied.
The judgment entered by the trial court in favor of the defendant is vacated and the case is to be remanded for further proceedings consistent with this opinion.

So ordered.