STANLEY LITTLEFIELD *vs.* ESTELLE J. HARVEY. February 12, 1959. Exceptions overruled. This is an action of contract by a real estate broker to recover a commission. An auditor, to whom the case was referred and whose findings were not final, filed a report in which he found for the plaintiff in the sum of $2,500. The case was heard by a judge of the Superior Court solely on the auditor's report. The plaintiff moved for judgment on the report and the motion was allowed. The defendant filed eight requests for "rulings of law and fact" which, not being acted upon, must be deemed to have been denied. *Mitchell* v. *Silverstein*, 323 Mass. 239, 240–241. The defendant excepted to the allowance of the motion for judgment and to the denial of her requests. Findings of the auditor briefly summarized are these. The plaintiff was a real estate broker whom the defendant had employed to sell her property in Rockport for $50,000. In September, 1954, the plaintiff brought a customer, one Millyan, to see the property but no sale resulted from that visit. Later the property was sold to Millyan for $50,000 through a broker named Rogers who was paid a commission by the defendant. Rogers "did nothing further to promote the sale·than that originally accomplished by [the plaintiff]" and was not the "predominantly efficient cause of this sale." The plaintiff pro-

duced a customer ready, able and willing to buy the property at the defendant's price and was the "predominating efficient cause of the sale." There was no error. The ultimate findings of the auditor, just stated, were not inconsistent with other findings, and were sufficient to warrant the order for judgment entered by the judge. *Rosenblum* v. *Ginis,* 297 Mass. 493, 496. The implied denial of the defendant's requests reveals no error. Requests numbered 1 and 2 asked for a finding for the defendant as matter of law; some were based on facts which the judge was not required to find; and others were either incorrect in law or immaterial. Nothing would be gained by discussing them in detail.

*Richard L. Hull,* for the defendant.
*C. Richard Clark,* for the plaintiff.