*Northern District*

No. 5651

**MARY H. CROSHERE, ET AL**

**v.**

**REGIONAL RESTAURANT, INC., d/b/a**

Jan. 8, 1963

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Viola, J.* in the Third District Court of Eastern Middlesex. No. 45 of 1960.

*Eno, J.* This is an action on a count in contract by which the plaintiff seeks to recover damages from the defendant for a breach of an implied warranty. The declaration originally contained two other counts, but these were waived in open court at the time of the trial.

The answer was a general denial and a plea that the injury complained of was caused by the negligence of the plaintiff himself.

The reported evidence is as follows:

"The plaintiff went to the defendant's restaurant with one Mrs. Alma Connors and one Mrs. Mary

Healey and about eight others, ordered from the menu a dinner; finished dinner; ordered dessert, a parfait which is made of ice cream. While eating the ice cream, glass which was in the ice cream went into her mouth. It felt cold and the plaintiff thought it was a piece of ice at first, but when it did not melt or get smaller, the plaintiff took the piece out of her mouth and found it to be glass. She showed it to the ladies at the table and Mrs. Alma Connors and Mrs. Mary Healey testified that they saw her take it out of her mouth. The waitress was right there and the plaintiff showed her the piece of glass and told her it was in her mouth. The waitress "snatched" it out of her hand and immediately took it into the kitchen. The waitress did not return; a few minutes later a man who was not identified came to the plaintiff and told her she need not pay for her meal. (He told her to see her doctor and to send the restaurant the bill.) Two witnesses called by the plaintiff, Mrs. Alma Connors and Mrs. Mary Healey, corroborated the plaintiff's testimony as to seeing the plaintiff take it from her mouth and show it to the waitress who took it from her. The plaintiff felt irritation in her mouth at the time she removed the glass; when she got home she realized she had a laceration."

The plaintiff filed six requests for rulings, of which two were allowed and four were denied but since the plaintiff failed to claim a report on their denial, we treat that question as having been waived.

The court made the following findings of facts:

"On May 19, 1959, the plaintiff allegedly purchased food for consumption, upon the defendant's premises, a restaurant. She claimed the food was unwholesome in that a piece of glass (about 2 inches in diameter, and a thickness of about one-sixteenth inch) was embedded in the dessert (strawberry parfait). She was not aware of its existence until she bit into the glass, as she was eating her dessert. Immediately thereafter, she showed the piece of glass to the waitress that had served her, who in turn, took it from the plaintiff and carried it into the kitchen. There was no evidence to indicate what happened to the glass thereafter. The plaintiff was not aware of any injury until she left the premises and returned to her home, where she noticed for the first time that her mouth had been cut.

"after complaining to the waitress, a man approached the plaintiff's table and told her that she need not pay for her meal. He was not identified.

"the plaintiff's counsel conceded that there was no evidence of negligence shown—and Counts 2 and 3 are deemed waived.

"the giving of a required notice by the plaintiff is a prerequisite to the right of recovery. The burden of proof as to the sufficiency of notice rests upon the plaintiff, and in this case, the question of notice is left to surmise and conjecture.

"Accordingly, I find that the plaintiff failed to give the notice as is required in actions of this kind—and a finding must be made for the defendant."

The plaintiff claims to be aggrieved only by the court's finding "that the question of notice is left to surmise and conjecture."

The report states that it contains all the evidence material to the question reported.

■ The trial judge correctly instructed himself by allowing the following two requests for rulings of the plaintiff:

"5. The plaintiff must prove that she gave notice of the breach of the implied warranty of fitness within a reasonable time, stating the defect and inferring that she is asserting a violation of her legal rights.

6. No particular form of notice is required."

We interpret the court's finding of facts as meaning that he could not find that the plaintiff had sustained her burden of proof that she gave a sufficient notice. *Learned v. Hamburger,* 245 Mass. 461, 473.

■ That is ordinarily a question of fact. *Putnam v. Great Atlantic & Pacific Tea Co.,* 304 Mass. 364, 366; and findings of fact are not reviewable by an Appellate Division. *Palma v. Racz,* 302 Mass. 249, 250; *Himelfarb v. Novadel Agene Corp.,* 305 Mass. 446, 449; *Butler v. Cromartie,* 339 Mass. 4.

■ The question of the sufficiency of the notice should have been raised by a request for a ruling to that effect.

■ If an inconsistency is claimed between the Court's Ruling and Finding of Facts, that should have been raised by a

motion to correct the inconsistency or a motion for a new trial. *Godfrey v. Caswell*, 321 Mass. 161; *Viera v. Balsamo,* 328 Mass. 37.

There being no prejudicial error, the report is to be dismissed.

Klein, Bramberg & Baye, of Boston, for the Plaintiff.

Badger, Parish, Sullivan & Frederick, of Boston, for the Defendant.