*Northern District*
No. 6352
**RALPH HALL d/b/a**
**Hall and Company**
v.
**EDWARD CATALDO**

Argued: Jan. 19, 1967   Decided: April 17, 1967

SEE: DANGEL, "THE REAL ESTATE BROKER".

*Present:* Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Whitney, J.* in the District Court of Central Middlesex, Concord.   No. 22526

*\*Yesley, J. This is an action in two counts to recover a broker's commission* on the sale of a house owned by the defendant in Lexington. It is alleged in count 1 that the defendant hired the plaintiff to procure a customer for said property, and that the plaintiff did procure a customer ready, willing and able to purchase the property upon the defendant's terms, thereby becoming entitled to a commission of $1100.00. Count 2 is upon an account annexed for the same cause.

*There was evidence that* the plaintiff, a licensed broker, was introduced to the defendant in September of 1964 by the latter's nephew, also a licensed broker, for the purpose of making an offer to purchase the said property, that the offer was refused, but that at the plaintiff's request the property was listed with him "so long as he procured and produced a buyer for $17,000.00 *net* to the defendant", that on October 21, 1964 the plain-

tiff's agent showed the property to a Mrs. Mac-Leod who brought her husband to see the outside of the house that same evening, that subsequently the plaintiff or his agent spoke to her over the telephone concerning the purchase of the said real estate but that the plaintiff received no offers to purchase or any deposit and did nothing further, that the MacLeods executed a purchase agreement *through another broker* on November 12, 1964, who settled a water problem resulting in an adjustment of the price and "consummated the sale" on January 8, 1965 for $17,250.00, and that the second broker received a commission of $500.00.

The plaintiff admitted in testimony that he did not notify the defendant that he had shown the property to Mrs. MacLeod until after papers had passed. However, there was testimony that she told the plaintiff's aforementioned agent that "she had spoken with the defendant who stated that the plaintiff never had permission to sell said real estate".

The trial justice found that the plaintiff was the main and efficient cause of the sale, that although "there was evidence . . . that the sale was finally consummated through another broker . . . at (the time of the sale) the defendant knew that the premises in question had been initially shown [by][1] the plaintiff

---

[1] The word in the report is "to" but this is obviously a typographical error.

to at least one of the buyers'', that the purchase price was $17,250.00 and that the plaintiff was entitled to a commission of $1035.00, in which amount he found for the plaintiff on each count.

The defendant claims to be aggrieved by the trial justice's disposition of his requests for rulings numbered 10, 11, 13, 16, 21, 24, 26 and 27. None of these requests for rulings, which were either denied or ruled inapplicable, raise the question of the sufficiency of the evidence to warrant a finding of the facts essential to liability, see *Stella* v. *Curtis,* 348 Mass. 458, 461, 462, as was the case in *Kacavas* v. *Diamond,* 303 Mass. 88, 90, nor was this question reported by the trial justice. See *Kelsey* v. *Hampton Court Hotel Co.,* 327 Mass. 150, 152. The findings of fact made by the trial justice are not reviewable by this court. *Himelfarb* v. *Novadel Ageno Corporation,* 305 Mass. 446, 449; *Ahern* v. *Towle,* 310 Mass. 695, 701; *Kelsey* v. *Hampton Court Hotel Co.,* 327 Mass. 150 at page 152; *Stella* v. *Curtis,* 348 Mass. 458 at page 461. They warranted a finding for the plaintiff. *Stuart* v. *Valsom,* 249 Mass. 149; *Provost* v. *Burgin,* 287 Mass. 273; *Cella* v. *Villa,* 322 Mass. 743; *Littlefield* v. *Harvey,* 338 Mass. 795.

In each of the cited cases, the broker who first introduced the customer to the property was held the predominating, efficient cause

of the sale even though it was consummated by the owner or through another broker.

■ In the *Provost, Cella* and *Littlefield* cases, the owner as in the instant case, had paid a commission on the sale to the second broker.

■ In the *Provost* case the court stated (p. 275) that "(i)t is immaterial that the (owners), when they made the sale, may not have known that the plaintiff was the efficient cause of it, and consequently paid a commission to another broker".

■ We need not discuss the defendant's requested rulings in detail. They either were rendered inapplicable by the facts found, or in effect requested rulings at variance with our conclusion above-expressed that the facts found by the trial justice warranted his finding for the plaintiff.

■ The defendant claims to be aggrieved, also, by the denial of his motion "to correct inconsistent findings" based on the allowance by the trial justice of the defendant's requests for rulings numbered 1 and 23. This is an appropriate method to bring the court's attention to any inconsistency between the general finding and the granting of a request. See *Godfrey* v. *Caswell,* 321 Mass. 161, 162, *Vieira* v. *Balsamo,* 328 Mass. 37, 39. Request numbered 1 asked for a ruling that a finding was warranted for the defendant. The granting of that request in no sense constituted a finding of any fact. Request numbered 23 asked the court to rule that "if the first broker fails but the sec-

ond broker succeeds in inducing the customer to agree to the principal's terms, then the first broker is not and the second broker is the procuring cause". The allowance of this request did not import a finding of the hypothetical fact on which it was based. The express finding of the trial justice that the plaintiff was the main, efficient cause of the sale stands opposite to the hypothesis. The allowance of these requests was not inconsistent with the general finding. There was no error in the denial of this motion.

The defendant claims further to be aggrieved by the denial of his motion to correct "verdict".[2] The finding was for $1035.00, being six percent of the purchase price of $17,250.00. The ground stated in support of the motion lies in the plaintiff's testimony that the defendant, in responding to the plaintiff's request for a listing, "stated in the affirmative so long as (the plaintiff) procured and produced a buyer for $17,000.00 *net* to the defendant". Since there was no other testimony more favorable to the plaintiff, he is bound by his own testimony as to the terms of his employment, *Perry* v. *Hanover*, 314 Mass. 167, 170. The sales price being $17,250.00 the commission should have been found to be $250.00. See *Goldstein* v. *D'Arcy*, 201 Mass. 312. This contention was also asserted as the ground for a motion for a

---

[2] "Verdict" is an incorrect designation of the decision of a judge. A "verdict" is the unanimous decision of a jury. Ed.

new trial (*Vieira* v. *Balsamo,* supra, at page 39), which was denied, and from which denial the defendant requested a report. The finding of damages in excess of $250.00 constituted error.

There is to be a new trial on the issue of damages unless the plaintiff remits by a writing filed with the Clerk of the District Court of Central Middlesex by May 17, 1967, the amount of damages in excess of $250.00 (See Rule 26 of the Rules of the District Courts (1952), republished effective January 1, 1965).

S. JOHN HAMANO
of Cambridge for the plaintiff

HRANT RUSSIAN
of Boston for the defendant