*Southern District*

## ALFRED F. BRUNS

### v.

## WELLESLEY HILLS MARKET, INC.

(Argued: Nov. 29, 1967 — Decided: Feb. 24, 1968)
(This opinion has been abridged)

Tried to *Cox, J.* in the District Court of Northern Norfolk, No. 1543.

*Present:* Nash, C.J., *Murphy, J.

MURPHY, J. This is an action of contract in which the plaintiff claims personal injuries when a cigarette lighter, purchased from the defendant, caught fire while being ignited and burned the plaintiff's hand. The defendant's answer is a general denial, contributory negligence and assumption of the risk.

*At the trial, there was evidence which tended to show that* at some time in October of 1963, the plaintiff's wife purchased a Scripto cigarette lighter at the defendant's place of business, which was given to the plaintiff as a birthday gift from his son about a week later. The plaintiff used the lighter approximately eight months prior to the accident with no difficulty. During this period, the lighter was not in his constant possession.

On Thursday, May 7, 1964, the plaintiff boarded a plane in Dallas, Texas. Once airborne, at an altitude of approximately 30,000 feet, the plaintiff started to light a cigarette with the lighter. At striking the flint, there was a sudden flash. Flames burned the right hand of the plaintiff. Some of his clothes were scorched. The plaintiff did not "refill" the lighter at any time while he was on the plane and while the plane was airborne.

Attached to the container in which the lighter was at the time of purchase were instructions,

which the plaintiff read. These instructions and the lighter are made part of this report.

After the accident of May 7, 1964, the plaintiff's wife went to the defendant's store.

The court made no specific findings of fact but only a general finding for the plaintiff.

The plaintiff relied entirely on the theory that the plaintiff's injuries were proximately caused by the defendant's breach of the implied warranty of merchantability.

The defendant duly filed and the court denied the following requests for rulings:

"1. The evidence does not warrant a finding that the defendant, its agents or servants were negligent.
2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries or damage.
3. The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.
4. As a matter of law the defendant breached no legal duty owed by it to the plaintiff.
5. The evidence does not warrant a finding that there was a breach of an implied warranty of fitness for a particular purpose.
6. The evidence does not warrant a finding that there was a breach of an implied warranty of merchantability.
7. As a matter of law, the plaintiff has not proved notice to the defendant."

The defendant claims to be aggrieved by the court's denial of its requests for rulings except #1 and by its rulings on evidence .

The trial judge made no specific finding of facts and denied all of the defendant's requests

for rulings; therefore, we examine the reported evidence to determine whether or not the evidence is sufficient to justify the general finding for the plaintiff.

We direct our attention to the primary question; namely, does the evidence warrant a finding that the lighter was defective at the time of the sale?

It is provided by G.L., c. 106, § 17(2) that, "Where goods are bought by description from a seller, who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that they are of merchantable quality."

"Merchantable quality" usually means that goods shall be reasonably suitable for the ordinary uses for which goods of that kind and description are sold. *Meade* v. *Coca Cola Bottling Co.*, 329 Mass. 440, 442; *Inter-State Grocer Company* v. *George William Bently Company*, 214 Mass. 227-231; *Williston on Sales, Revised Ed.* P. 243.

The plaintiff to sustain this action must prove by a fair preponderance of the evidence that the lighter was defective when purchased. The plaintiff alleges the lighter was defective because it exploded, while he was attempting to light a cigarette, while flying at 30,000 feet. The plaintiff had used this lighter for a period of eight months prior without incident. Having in mind the usual meaning of "merchantable quality," would not such extended usage for a

period of eight months justify the conclusion that it was reasonably suitable for ordinary use as a lighter and, therefore, merchantable as defined above?

The judge concluded it was not and made his finding by drawing an inference from the testimony of the plaintiff that the lighter must have been defective when purchased. It is common knowledge that cigarette lighters are used for lighting cigarettes everyday by millions of people while walking, riding in an automobile or flying in an airplane, and as far as we know, without incident or explosion of any kind. People fly from one part of the country to another at great heights and use these lighters without difficulty. It does seem most unusual that in this isolated case, the lighter would explode while he was attempting to light a cigarette under what would appear to be normal or ordinary conditions. In view of this, we think it is more reasonable to infer that it exploded while he was attempting to transfer fuel while in flight at 30,000 feet in violation of the specific instructions on the lighter.

In coming to this conclusion, we have in mind what was said by Judge Spalding in *M. Benavides* v. *Stop & Shop, Inc.,* 346 Mass. 154, 157, ''There may be situations where an injury is sustained and circumstances which would permit an inference to be drawn that the product causing the injury was not merchantable, provided the injury was such as would

not generally occur unless the product was defective.'' Citing *Meade* v. *Coca Cola Bottling Co.*, cited supra, where a bottle of coca cola burst in the plaintiff's hand as he took it from a coke machine. However, there was no prior use of the article in that case, and it was a bottle of soda which exploded the first time it was taken from the machine. And in *McCabe* v. *Liggett Drug Company, Inc.*, 330 Mass. 177, where a coffee maker exploded; the coffee maker had only been used two or three times and was observed to be filling very slowly on those occasions. Furthermore, there was expert testimony in that case to justify the finding by the court and a more complicated piece of equipment to deal with, and we distinguish *D. Horton* v. *D. Marston*, 352 Mass. 322, a case involving a tenancy and the liability of the landlord to the tenant for the exploding of a gas stove. While it was true that the stove had been in the cottage for some time, the court found (1) that there was evidence of a violation of law in that the wall cabinets were too close to the burner; (2) that the oven was insulated in a defective manner; (3) that the combination of these defects caused an accumulation of gas, which constituted a hazard endangering the public safety. There was also expert testimony to support the plaintiff's contention and the judge found the stove was not in suitable condition for use.

While recovery has been allowed in cases of this sort, there was evidence other than the

mere occurrence of injury of a breach of warranty from which a causal connection between the breach and injury could reasonably be inferred. *M. Benavides* v. *Stop & Shop, Inc.*, cited supra and cases cited therein.

In the case before us, the lighter had been used for a period of eight months prior to this accident with no difficulty. There is no evidence of any misuse of the lighter nor any visual defect in it; no evidence in the record as to how often the plaintiff used the lighter, whether once or a hundred times; no evidence whether he ever used it before while in flight; no finding based on the reported evidence that he followed the instructions on the lighter, only that he read them; nor is there any finding as to whether or not he did attempt to transfer the fuel in flight, only that he did not *fill it*. On that point, the pertinent instructions on the lighter read as follows:

"B.    To transfer fluid from the reservoir into the wick chamber, here is all you do:

1. Hold Vu-Lighter in upright position and for a few seconds press valve button on side.

2. Now invert Vu-Lighter and again press button until bubbles cease to rise. Your Vu-Lighter is ready to light!

## ⟨CAUTION

*Unless the above instructions are followed exactly, do not transfer fuel while flying, or after a rapid climb to a high altitude.''*

To fill the reservoir with fuel is a simple operation common to all lighters, but to transfer fuel is a delicate and possibly dangerous operation as indicated by the instructions setout above.

On the reported evidence, this does not seem to us to be a case where the plaintiff has sustained the burden of proof. At best, it appears to be a case where the evidence tends equally to sustain either of two inconsistent propositions; namely, that the lighter was defective, or that he did not follow the specific instructions contained on the lighter while attempting to transfer fuel in flight. The reported evidence tends equally to sustain either of two inconsistent propositions by implication; neither of which can be said to have been established by legitimate proof. A finding in favor of the party bound to maintain one of the propositions against the other is necessarily wrong. *Smith* v. *First National Bank in Westfield,* 99 Mass. 605; *Commonwealth* v. *Shea,* 324 Mass. 710-714 and cases cited.

It was error to deny defendant's request for ruling number 6, which reads as follows: ''The evidence does not warrant a finding that there

was a breach of an implied warranty of merchantability." By that request the defendant is seeking a ruling that there was sufficient evidence to warrant a finding in his favor. To deny this request is tantamount to ruling that the plaintiff is entitled to recover as a matter of law. The judge could have disbelieved the evidence essential to support a finding for the plaintiff; therefore, he [the defendant] was entitled to that ruling or to a statement of findings of fact showing that the ruling had become immaterial. *Bresnick* v. *Heath*, 292 Mass. 293; *Hoffman* v. *Chelsea*, 315 Mass. 54; *M. Belger* v. *R. Arnot*, 344 Mass. 679.

It can rarely be ruled as matter of law that the plaintiff is entitled to recover. *Evans* v. *County of Middlesex*, 209 Mass. 474, 480; *Coleman* v. *New York, New Haven and Hartford Railroad Company*, 215 Mass. 45, 47; *McDonough* v. *Metropolitan Life Insurance Company*, 228 Mass. 450, 452, and cases cited; *Eddy* v. *Johnston*, 250 Mass. 299, 301; *Donahue* v. *Leventhal*, 302 Mass. 393, 395; *Purdie* v. *Roche*, 304 Mass. 647, 649.

There was prejudicial error in the denial of the defendant's request for ruling number 6. In view of our decision, it becomes unnecessary to consider the other requests for rulings, or any other questions raised by the report.

**Judgment for the plaintiff should be vacated, and judgment should be ordered for the defendant.**

Donald Q. Bunker
  of Boston, for the Plaintiff
Badger, Parrish, Sullivan & Frederick
  of Boston, for the Defendant