## Robert O. Ballou v. Paul A. Trahan

[334 A.2d 409]

No. 60-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

Motion for Reargument Denied April 1, 1975

*Sullivan & McCaffrey,* Rutland, for Plaintiff.

*Carbine & Liccardi,* Rutland, for Defendant.

**Barney, C.J.** This is an automobile trade between private parties that went sour. Ballou, the plaintiff, as buyer, brought suit to recover based on a theory of warranty for damages claimed on account of an alleged defect in the engine of the 1966 Porsche at the time of purchase. The trial court found that the sale was an isolated sale of goods not subject to 9A V.S.A. § 2—314. It also found no warranties, express or implied, and no knowledge in the seller of any defect. As a result, it dismissed the action.

Trahan, the seller, had placed an advertisement in the newspaper which was seen by the plaintiff. The ad read as follows:

> Porsche 1966—911, 5-speed, new radials, new shocks, freshly tuned, needs nothing! Reliable, Comfortable and fast. Must sell. $400 under book, $2,150 firm. 524-6034.

The plaintiff contacted the defendant and examined and rode in the vehicle at the home of the defendant in St. Albans. Ballou returned in a few days, this time with his parents, and again tried the car out. He told the defendant about a certain "ticking" noise from the engine, whereupon the car was taken to a local Volkswagen dealer. All repairs deemed necessary were made there. The plaintiff returned a third time, tried the car out again, and purchased it for $2,150.00 cash. This was March 29, 1972, and the car then had about 56,000 miles on the odometer.

The same day the plaintiff undertook to drive the car to his home in Rutland. Somewhere along the way he noticed a "clanging" sound in the engine, accompanied by a loss in power. He had the vehicle examined by a mechanic in Rutland. He then had the vehicle towed to Burlington for examination by another mechanic. He was given an opinion that the noise was caused by a defective connecting rod bearing. Repair would require an engine disassembly and overhaul. Repairs were estimated at between $800.00 and $2,000.00, depending on the situation found when the engine was torn down.

Confronted with these opinions, the plaintiff had several telephone talks with the defendant. Trahan refused to take the car back, but offered to pay up to $200.00 for repairs on the engine. The plaintiff, on or before April 1, 1972, had the Porsche towed to the defendant's residence in St. Albans, where it now is, and mailed him the keys. The car involved, a

Porsche 911, is a German-made sports car, and a very sophisticated piece of machinery, with six carburetors.

The foregoing facts are those found below. The plaintiff, on appeal, challenges the trial court's failure to find that the automobile in question had a latent rod bearing defect at the time of sale. This was a critical issue, and the burden was on the plaintiff to come forward with supporting evidence. *Rogers v. W. T. Grant Co.*, 132 Vt. 485, 488, 321 A.2d 54 (1974).

It is clear that he did not do so. The evidence presented bore out the lower court's finding that nothing was introduced to establish that the defendant knew or should have known of any defect in a rod bearing as of the day of sale. It also appeared in evidence that such a failure in a bearing could come on suddenly.

Although all this supports the result, perhaps even more important in the testimony is the disclosure that this claimed rod bearing defect could not be actually ascertained without taking the engine apart. Since this, according to the evidence, was never done, the claimed defect remains a matter of conjecture, and leaves the claim of breach of warranty even further unfounded. All in all, there was produced no sufficient factual support for the plaintiff's claim, and the lower court correctly ruled in favor of the defendant.

*Order of dismissal affirmed.*