Daniel CAREY
vs.
WOBURN MOTORS, INC.

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

April 23, 1980

Richard S. Weiss for the plaintiff.
Charles G. Rancourt for the defendant.

Present: Cowdrey, P.J., Flynn* & Zoll,

JJ.

**ZOLL, J.** This is an action in contract for breach of implied warranties of merchantability and fitness for a particular purpose in the sale of a used motor vehicle.

At trial there was evidence tending to show that:

The plaintiff purchased a used, six year old, 1971 Toyota from the defendant for a reasonable price of $1,595.00. Prior to sale, the plaintiff informed the defendant that he required a reliable automobile for basic transportation purposes. The defendant's salesman, who had twenty-five years experience in the automotive business, had listened to the vehicle's engine and concluded that it was a "good running car." The plaintiff test drove the vehicle before purchasing it, and believed it to be satisfactory. The automobile was also reasonably serviced and checked before sale by the defendant.

The plaintiff elected to have the timing chain and associated parts in the vehicle repaired shortly after it was sold and removed from the defendant's premises. The car broke down within twenty-five days of purchase, necessitating repairs in an amount of $365.00. After waiting fifteen days for the completion of these repairs, the plaintiff used the automobile for four additional days. The engine then became completely disabled, and the car proved to be of no further use to the plaintiff. The plaintiff had possession of the vehicle for forty-four days, but the total period of actual use was twenty-nine days. The plaintiff testified that he drove the car approximately twenty miles per day, for a total distance of less than 1,000 miles prior to the car's total disfunction.

The plaintiff alleged that he had not utilized the automobile in an excessive or unreasonable manner. Corroborating

★The Honorable Maurice R. Flynn, Jr. participated in the hearing and post-hearing conference on this case but passed away prior to the promulgation of this Opinion.

expert testimony indicated that the plaintiff was not in all probability the cause of the vehicle's ultimate mechanical failure. No evidence was presented, however, to suggest that the defects existed in the car at the time of the sale. Moreover, it was established by both parties that the defects in question could reasonably occur in an automobile which has been driven forty thousand miles. The odometer reading for the vehicle at issue was 45,000 miles.

The plaintiff submitted seven requests for rulings of law which sought a determination that the sale of a used automobile which becomes completely disabled after only forty-three days[1] of ownership and twenty-seven days[2] of use violates G.L. c. 106, ss. 2-314 and 2-315. The trial court denied these requests and entered, inter alia, the following subsidiary findings:

"The damage that occurred to the vehicle on May 8, 1977 (distributor being stripped) and on May 27, 1977 (rod being thrown) can occur in a vehicle through normal wear and tear anywhere between 40 to 60 thousand miles. The mileage on the vehicle in question on or about May 27, 1977 was approximately 45,295. There is no credible evidence to indicate that a seller would know even upon reasonable inspection that these were to occur, nor is there any credible evidence that those defects were present when the vehicle was sold. The court therefore finds and rules that there was no breach of the implied warranty of merchantability.

"Also, there was no credible evidence to show that the plaintiff had communicated to the defendant a particular purpose for the purchase of a motor vehicle other than that for which motor vehicles are customarily used so that the court finds and rules that the plaintiff did not rely upon the skill and judgment of the defendant in furnishing the vehicle in response to a particularized need of plaintiff and therefore defendant did not breach the implied warranty of

fitness for a particular purpose." Judgment was entered for the defendant.

The plaintiff thereafter sought a report to the Appellate Division claiming to be aggrieved by the trial court's denial of his requested rulings numbers 1, 2, 3, 4, 6, 7 and 8. The draft report signed by the trial justice frames the plaintiff's appeal in terms of the issue of breach of an implied warranty of merchantability under G.L. c. 106, s. 2-314. As the seven requested rulings listed above concern implied warranties of merchantability and fitness for a particular purpose, this Division will address both matters.

1. The warranty of merchantability implied in commercial sales under G.L. c. 106, s. 2-314 is generally defined as a guarantee that the goods in question "shall be reasonably suitable for ordinary uses for which goods of that kind and description are sold." **Gilbert & Bennett Mfg. Co. v. Westinghouse Elec. Corp.,** 445 F.Supp. 537, 548 (Mass. 1977). See also **Carney v. Sears, Roebuck & Co.,** 309 F.2d 300, 303 (4th Cir. 1962); **Back v. The Wickes Corp.,** Mass. , (1978);[a] **Casagrande v. F.W. Woolworth Co.,** 340 Mass. 552, 555 (1960); **Wolfe v. Ford Motor Co.,** Mass. App. Ct. , (1978).[b] With respect to an automobile, the concept of merchantability is primarily directed at the operative essentials of the product. **Tracy v. Vinton Motors, Inc.,** 296 A.2d 269, 272 (Vt. 1972).

A determination of merchantability or lack thereof giving rise to a breach of warranty under s. 2-314 is a question of fact for the trial court. **McCabe v. Liggett Drug Co.,** 330 Mass. 177, 180 (1953); **Bianchi v. Denholm & McKay Co.,** 302 Mass. 469, 472 (1939); **Parker v. S.G. Shaghalian & Co.,** 244 Mass. 19, 22 (1923). Generally, findings of fact made

---

[1] The report states that the plaintiff had possession of the car for forty-four days before it became disabled.

[2] The report indicates that the plaintiff had actual use of the car for twenty-nine days.

[a] Mass. Adv. Sh. (1978) 1874, 1882.

[b] Mass. App. Ct. Adv. Sh. (1978) 550, 564.

by the trial judge are not reviewable, **Hall v. Cataldo,** 37 Mass. App. Dec. 55, 59 (1967), and will not be disturbed on appeal unless plainly wrong. **Trovato v. Walsh,** 363 Mass. 533, 535 (1973).

The trial judge found that the damage to the automobile could reasonably occur "in a vehicle through normal wear and tear anywhere between 40 to 60 thousand miles" and that there was no "credible evidence that those defects were present when the vehicle was sold." Although expert testimony was presented which indicated that the plaintiff probably was not the cause of the automobile's malfunction, no evidence established the presence of the defect at the time of contracting. Since it was incumbent upon the plaintiff to prove that the claimed defect existed at the time of sale, the trial judge was warranted in making the above findings. **Gulash v. Stylarma, Inc.,** 364 A.2d 1221 (1975); **Ballou v. Trahan,** 334 A.2d 409, 410 (1975); **Bruns v. Wellesley Hills Market, Inc.,** 39 Mass. App. Dec. 160, 164 (1968). The absence of this evidence, viewed in conjunction with reported testimony both that the damage at issue could reasonably occur at any time in an automobile with an odometer reading in excess of 40,000 miles and that the used car purchased by the plaintiff was six years old at the time of purchase and had been inspected and approved by both parties prior to sale, substantially precluded recovery by the plaintiff upon a theory of non-merchantability. Such evidence clearly warranted the inferences presumably drawn by the trial court that the used vehicle in question was merchantable at the time of sale, and that the defendant thereby did not breach the implied warranty of merchantability.

The plaintiff's requests for rulings numbers 1, 2, 3 and 4 were thus properly denied as inconsistent with the trial court's valid findings of fact.

2. We turn to the trial judge's determination that there was no breach of a warranty of fitness for a particular purpose. Such a warranty is implied in a commercial sales only where "the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods ..." (emphasis supplied). G.L. c. 106, s. 2-315. This warranty is primarily distinguishable from an implied warranty of merchantability in that the buyer must directly or tacitly communicate to the seller at the time of contracting a special or particularized need and projected use for the purchased commodity in order for a s. 2-315 warranty to arise. See **Agricultural Services Ass'n, Inc. v. Ferry Morse Seed Co.,** 551 F.2d 1057, 1065 (6th Cir. 1977); **Axion Corp. v. G.D.C. Leasing Corp.,** 359 Mass. 474, 484 (1971); **Regina Grape Products Co. v. Supreme Wine Co.,** 357 Mass. 631, 634 (1970); **Leavitt v. Fiberloid Co.,** 196 Mass. 440, 451 (1907).

The plaintiff in the case sub judice purchased an automobile for "basic transportation." The latter may be deemed an ordinary rather than a particular purpose for a motor vehicle. **Harrington v. Mercer,** Mass. App. Div. Adv. Sh. (1979) 363, 367. General Laws c. 106, s. 2-315, Uniform Commercial Code Comment 2, specifically states that:

"'A particular purpose' differs from the ordinary purpose for which goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question ..."

As there has been no showing that the automobile was purchased for a particular purpose, and that the seller had "reason to know" of that particular purpose at the time of contracting, the plaintiff's claim is not cognizable as a breach of an implied warranty of fitness for a particular purpose. See **McHugh v. Carlton,** 369 F.Supp. 1271, 1276 (D.S.C. 1974); **McMeekin v. Gimbel Brothers, Inc.,** 223 F.Supp. 896, 899 (W.D. Penn. 1963); **Harrington v. Mercer, supra.** Therefore, there was no error in the denial of the

plaintiff's requests for rulings numbers 6, 7 and 8.

Report dismissed.
J. Zoll